UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DIANE TEAGUE )
)
v. ) NO. 2:03-CV-328
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Diane Teague has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Teague was born in 1943 and was 59 years old at the time of her last administrative hearing. [Tr. 80]. She has a high school education and relevant past work experience as a cook and retail sales clerk. [Tr. 93]. Ms. Teague alleges she is disabled as of January 31, 1999, from chronic lower back pain, fibromyalgia, emphysema, and an affective disorder. [Tr. 14, 93]. In March 2002, an Administrative Law Judge [ALJ] found that Ms. Teague was not disabled. [Tr. 98]. In June 2002, the Appeals Council remanded Ms. Teague's case to the ALJ for further consideration of her mental impairments and her subjective complaints. [Tr. 104-05]. On remand, the ALJ found that Ms. Teague's severe

impairments were not severe enough and she was not disabled as defined by the Social Security Act. [Tr. 15].

At Ms. Teague's second administrative hearing held on September 17, 2002, the testimony of Ms. Teague and vocational expert Jane Hall was received into evidence. [Tr. 80-88]. Ms. Teague testified she was continuing to receive mental health treatment, including seeing a psychiatrist and a therapist. [Tr. 81]. She agreed that one of her primary disabling problems is low back and left leg pain. [Tr. 82]. Ms. Teague testified she smokes about a pack and a half of cigarettes a day. [Tr. 84]. Vocational expert Jane Hall testified next. [Tr. 87-88]. Under questioning from Ms. Teague's attorney, Ms. Hall testified that if Ms. Teague had a mild defect in her ability to interact with the public, she would be able to return to her past relevant work as a sales clerk. [Tr. 87]. However, if her ability to interact with the public was markedly or severely limited, Ms. Teague could not perform that work. [*Id.*].

The ALJ ruled that Ms. Teague was not disabled because her severe impairments of degenerative disc disease, fibromyalgia, emphysema, and depression/anxiety were not severe enough to warrant a finding of disability. [Tr. 15]. The ALJ then found Ms. Teague retained the residual functional capacity [RFC] to perform light exertional work with a mild limitation in social functioning. [Tr. 20]. With those limitations, Ms. Teague could return to her past relevant work as a sales clerk, according to the ALJ. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42

U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Teague requests a judgment on the pleadings and challenges the ALJ's rejection of the opinions of Drs. Mary Montgomery, Gina Frieden, Roy Nevils, and Dennis Spjut. According to Dr. Montgomery, Ms. Teague had a mild limitation in her activities of daily living but moderate limitations in social functioning and concentration, persistence, and pace. [Tr. 475]. Dr. Frieden crafted the same opinion. [Tr. 182, 186-87]. Dr. Nevils found that Ms. Teague had "at least moderate problems with memory and concentration" because of her adjustment disorder and dysthymia. [Tr. 324]. Finally, Dr. Spjut indicated that Ms. Teague had a poor ability to relate to co-workers, deal with the public, interact with supervisors, and relate predictably in social situations. [Tr. 501-02]. She also had a moderately to markedly limited ability to deal with work stresses, follow work rules, and use judgment; a serious difficulty with maintaining schedules and attending or maintaining a regular work routine; an occasional difficulty in understanding, remembering, and carrying out detailed job instructions; and, no ability to understand, remember, and carry out complex job instructions. [*Id*.]. The ALJ found that none of the doctors' opinions was "entitled to significant weight

to the extent they are inconsistent with a finding that [Ms. Teague] has more than mild mental limitations." [Tr. 18]. Any findings of moderate to marked limitations were "totally inconsistent with [her] treatment history and admitted activity level." [Tr. 18-19].

The ALJ noted that Ms. Teague consistently since 1996 scored in the mild range of the Global Assessment of Functioning test.[1] [Tr. 19]. He also indicated that the "severity of her symptoms has been generally rated as 'mild' by her treating sources" at Cherokee Health Systems [Cherokee]. [*Id.*]. In addition, Ms. Teague "engaged in substantial gainful activity throughout 1996 - 1998 and helped care for her mother in 1999." [Tr. 19]. Based on the documentation from Cherokee and Ms. Teague's activity level, the ALJ's dismissal of the doctors' opinions that included moderate or marked limitations was made with substantial evidence.

Ms. Teague also contends the ALJ erred in failing to consider the opinion of her treating rheumatologist, Dr. A. Kimberly Leaird, that her depression was exacerbating her pain. On October 29, 2001, Dr. Leaird wrote in a follow up/progress note that she thought it was "likely" that Ms. Teague's depression was "also causing exacerbation of her pain complaints." [Tr. 503]. The ALJ did not err in this regard. First, there is no requirement for an ALJ to document his consideration of each and every opinion set forth by a doctor in a Social Security case. Such a requirement would be tedious and tiresome. In addition, Dr.

---

[1] Scores in the mild range indicate some mild symptoms or some difficulty in social, occupational, or school functioning. Such a person generally functions pretty well and has some meaningful interpersonal relationships. *The Diagnostic and Statistical Manual for Mental Disorders, Fourth Edition*.

Leaird's speciality is not psychiatry, so her determination that Ms. Teague was depressed is not entitled to great weight.

After careful consideration of the entire record of proceedings related to this case, Ms. Teague's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                         s/Thomas Gray Hull
                                         THOMAS GRAY HULL
                                           SENIOR U. S. DISTRICT JUDGE